**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD CRANE, | ) | No. C 08-4126 JF (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |
| vs. | ) ) ) | |
| EVANS, Warden, | ) ) | |
| Respondent. | ) ) | (Docket Nos. 2, 3, 7) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In the petition, Petitioner alleges that the conditions of his confinement at California State Prison – Los Angles County ("CSP-LAC") and at High Desert State Prison ("HDSP") violated his constitutional rights, particularly with respect to his placement in administrative segregation.  For the reasons described below, the petition is DISMISSED without prejudice to refiling as a civil rights action pursuant to 42 U.S.C. § 1983.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Aaron183disrem

U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Petitioner's claims in this case challenge the conditions of his confinement. Specifically, Petitioner claims that he was improperly transferred to HDSP, and then at HDSP, he did not receive due process in connection with his placement in administrative segregation on protective custody for a period of approximately 300 days.

The Court will dismiss this habeas action because Petitioner's claims do not challenge the legality of his conviction or sentence. Instead, Petitioner challenges his transfer to HDSP and his placement in administrative segregation at HDSP, both of which are conditions of confinement that do not involve the legality of his conviction or sentence. Thus, Petitioner's claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

The petition for writ of habeas corpus is DISMISSED without prejudice. Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983. As Petitioner's claims arise out of actions by Defendants at CSP-LAC and HDSP, the proper venue for his claims is not in this Court; rather, plaintiff must file

1  his civil rights complaint in the Eastern and Northern District of California, where CSP-
2  LAC and HDSP are located, respectively.  <u>See</u> 28 U.S.C. § 84(b), (c).
3      Petitioner's motion for leave to proceed in forma pauperis is GRANTED.
4      The Clerk shall terminate docket numbers 2, 3, and 7, close the file and enter
5  judgment.
6      IT IS SO ORDERED.
7  DATED:  11/13/08
8      JEREMY FOGEL
    United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Aaron183disrem